

# In the United States Court of Federal Claims

No. 15-1509C
(Filed July 6, 2016)
NOT FOR PUBLICATION

**FILED**

JUL - 6 2016

U.S. COURT OF FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * *
                                 *
                                 *
ANTHONY JOHNSON,                 *
                                 *
              Plaintiff,         *
                                 *
       v.                        *
                                 *
THE UNITED STATES,               *
                                 *
              Defendant.         *
                                 *
* * * * * * * * * * * * * * * * *
```

## MEMORANDUM OPINION AND ORDER

WOLSKI, Judge.

Plaintiff, Anthony Johnson, alleges that certain federal judges improperly dismissed civil rights actions that he had filed. He styled his complaint as being brought under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), but later clarified that he was attempting to assert breaches of fiduciary duties. The government has moved to dismiss the case for lack of subject-matter jurisdiction under Rule 12 (b)(1) of the Rules of the United States Court of Federal Claims (RCFC). Plaintiff has filed a motion to amend his complaint. For the reasons stated below, the government's motion is **GRANTED** and plaintiff's motion is **DENIED**.

### I. BACKGROUND

Mister Johnson had filed three civil actions in the United States District Court for the Eastern District of Pennsylvania (Eastern District). Compl. at 2–3. Between January 20, 2015 and October 8, 2015, all three of these actions were dismissed, each by a different judge in that district. *Id.* Plaintiff alleges that a number of civil rights actions by African-Americans have been improperly dismissed over the past 20 years, presumably also by judges in the Eastern District. *Id.* at 3. Mister Johnson also contends that the United States Court of Appeals for the Third

Circuit (Third Circuit) condoned the improper actions of the district court "through deliberate hindrance of the appellate procedures." *Id.* at 4.

On December 14, 2015, plaintiff filed a complaint in this court, naming the United States of America, the Third Circuit, the district court, three federal judges from the Eastern District, and the Clerk of the Third Circuit as defendants. Compl. at 1. In the complaint, plaintiff maintains that our court has jurisdiction under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1). *Id.* at 1. Mister Johnson breaks his allegations into four claims and two causes of action. He alleges that the three trial court judges, following a pattern in their court, improperly dismissed his civil rights complaints against white officials to deprive him of his right to a jury trial. *Id.* at 2–3. He contends that these systematic, improper dismissals deprived him and other African-American plaintiffs of their compensatory damages and litigation fees, misusing tax dollars in the process. *Id.* at 3. Plaintiff also claims that the Third Circuit and its clerk furthered this alleged deprivation of trial by jury, and that all of the federal officials named followed a secret plan to impede *pro se* litigants, misusing tax dollars and deterring government oversight. *Id.* at 4.

Both causes of action are identified as brought under the FTCA. *See* Compl. at 5. The first alleges a secret, racially-motivated plan to manipulate court procedures to deprive plaintiffs of jury trials under cover of immunity. *Id.* The second maintains that this secret plan misuses taxes, depriving African-American taxpayers of a right to fair trial procedures and jury trials. *Id.* at 5–6. Plaintiff seeks $7 million in damages and a hearing before a committee of the U.S. Senate. *Id.* at 6–7.

On February 12, 2016, the government filed a motion to dismiss Mr. Johnson's complaint. In support of that motion, the government notes that our court lacks jurisdiction over FTCA claims. Def.'s Mot. to Dismiss (Def.'s Mot) at 3–4. The government also contends that, since this court lacks jurisdiction over claims against individual federal officers or agents, Mr. Johnson's complaint must be dismissed to the extent that his claims are against such officers or agents. *Id.*

Two weeks later, Mr. Johnson filed a motion for leave to file an amended complaint. He seeks to add a paragraph to his complaint which alleges that a judge in the Eastern District had issued an order, after plaintiff filed his complaint in our court, requiring plaintiff to show cause why an injunction should not issue to prevent him from filing additional papers or lawsuits on the same subject as the case that judge had dismissed.[1] Pl.'s Mot. to Amend. Compl. at 1.

---

[1] Plaintiff provided the court with a copy of the judge's order and his response thereto. *See* ECF No. 10. The district court was apparently not satisfied with this response, as Mr. Johnson informed our court that the pre-filing injunction subsequently issued. *See* Pl.'s Reply to Def.'s Opp'n to Mot. to Amend Compl. at 1.

On March 7, 2016, plaintiff filed his response to the government's motion to dismiss his case. In that response, plaintiff argues that one of the cases relied upon by the government supports his claims. Mister Johnson contends that our court has jurisdiction because, in his view, the United States is a trustee of the funds collected from taxpayers via taxation --- and claims for breach of trust obligations are within our jurisdiction under *United States v. Mitchell*, 463 U.S. 206 (1983). Pl.'s Resp. to Def.'s Mot. to Dismiss (Pl.'s Resp.) at 1–4. He also seems to suggest that his case concerns criminal violations such as perjury, subornation of perjury, and conspiracy. *See id.* at 4 (citing 18 U.S.C. §§ 241–42, 1621–23). Plaintiff also asserts that our court possesses jurisdiction over his claims, even those sounding in tort, because "almost any suit sounds in tort." *Id.* at 4.[2]

In the reply in support of its motion to dismiss the case, the government reiterates its position that our court lacks jurisdiction over tort claims and contends that Mr. Johnson's complaint contains no claims of breach of fiduciary duty or of criminal conduct. Def.'s Reply to Pl.'s Resp. to Def.'s Mot. to Dismiss (Def.'s Reply) at 1–2. The government also argues that, even if these new claims were properly pled in the complaint, they would still be outside of this court's subject-matter jurisdiction. *Id.* at 2. Defendant contemporaneously filed its opposition to the plaintiff's motion to amend the complaint. In that paper, the government argued that leave to amend the complaint should be denied because the additional allegations concerned another court's issuance of an order, a matter over which this court's jurisdiction does not extend. Def.'s Opp'n to Pl.'s Mot. to Amend Compl. (Def.'s Opp'n) at 1 (citing *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015)).[3]

Plaintiff replied in support of his motion for leave to amend the complaint, arguing that the proposed amendment showed the continuing nature of the alleged breach of trust. Pl.'s Reply to Def.'s Opp'n to Mot. to Amend Compl. at 1–2. He was also allowed to file a sur-reply in opposition to the motion to dismiss the case, in which he argues that 28 U.S.C. § 453 is the source of the fiduciary obligations which the government allegedly breached in this matter. Pl.'s Sur-reply at 1–3.

---

[2] Mister Johnson bases this argument on his idiosyncratic reading of "tort" as meaning "to twist." Pl.'s Resp. at 4.

[3] The government noted that plaintiff's motion was more properly seen as a motion to file a supplemental complaint, because it concerned a matter --- the issuance of the show cause order --- that occurred after the filing of the complaint in our court. Def.'s Opp'n at 1.

## II. DISCUSSION

### A. Legal Standards

Under RCFC 12(b)(1), this court must dismiss a claim over which it lacks subject-matter jurisdiction. Our court's "power to adjudicate in specific areas of substantive law" is properly challenged by a RCFC 12(b)(1) motion. *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999). When considering a motion to dismiss for lack of subject-matter jurisdiction, courts will normally accept as true all factual allegations made by the pleader and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B & B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012).

While a *pro se* plaintiff's filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this lenient standard cannot save claims which are outside this court's jurisdiction from being dismissed. *See, e.g., Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). The party invoking a court's jurisdiction bears the burden of establishing it, and must ultimately do so by a preponderance of the evidence. *See McNutt v. GMAC*, 298 U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991). Here, despite being a *pro se* litigant, Mr. Johnson's pleadings must show that one or more of his claims falls within the jurisdiction of this court if he is to avoid dismissal.

The subject-matter jurisdiction of the Court of Federal Claims is primarily set out in the Tucker Act, which grants "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). Because the Tucker Act itself does not create a substantive cause of action, however, "in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States,* 402 F.3d 1167, 1172 (Fed. Cir. 2005). In *United States v. Mitchell*, 463 U.S. 206 (1983), the Supreme Court explained:

> Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States, and the claimant must demonstrate that the source of substantive law he relies upon "can fairly be interpreted as mandating compensation by the Government for the damages sustained."

*Id.* at 216–17 (quoting *United States v. Testan,* 424 U.S. 392, 400 (1976)) (internal citations omitted).

## B. Analysis

As the government correctly notes, claims made under the Federal Tort Claims Act are outside of our court's subject-matter jurisdiction. *See Treviño v. United States,* 113 Fed. Cl. 204, 209 (2013); 28 U.S.C. §§ 1346(b)(1) (assigning tort claim jurisdiction to district courts), 1491(a)(1) (limiting our jurisdiction to "cases not sounding in tort"). Nor does this court have jurisdiction over claims of criminal law violations, *see, e.g., Dumont v. United States,* 85 Fed. Cl. 425, 430 (2009), *aff'd,* 345 F. App'x 586, 593 (Fed. Cir. 2009); *Kania v. United States,* 650 F.2d 264, 268 (Cl. Ct. 1981) ("[T]he role of the judiciary in the high function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not to this court."), or claims against individuals, *see Stephenson v. United States,* 58 Fed. Cl. 186, 190 (2003) (citing *United States v. Sherwood,* 312 U.S. 584, 588 (1941)). The only proper defendant in complaints filed in our court is the United States, *see* RCFC 10(a), and the subject-matter cannot concern tortious conduct, *see* 28 U.S.C. § 1491(a)(1).

Although the complaint invoked the FTCA as its jurisdictional basis, plaintiff now maintains that this lawsuit may be brought under the Tucker Act. He clarifies that he is alleging breaches of fiduciary duties that the United States owes him as a trustee of taxpayer funds. Pl.'s Resp. at 2–4. Without question, federal statutes and regulations which create more than a "bare trust" and instead "give the Federal Government full responsibility to manage" identified assets for the benefit of a plaintiff are money-mandating laws for purposes of our court's jurisdiction. *Mitchell,* 463 U.S. at 224. But to establish this court's jurisdiction over the subject-matter of a case, a plaintiff must do more than merely assert the existence of such a fiduciary relationship --- he must identify a statute or regulation that mandates the payment of money for the breach of fiduciary duties. *Fisher,* 402 F.3d at 1173.

In this case, plaintiff has done nothing of the sort. He is proceeding on the creative theory that his payment of taxes to the federal government imposes fiduciary responsibilities on the federal government regarding the management of his civil litigation. No statute has been identified as creating these fiduciary responsibilities, which as a general proposition cannot be squared with the Supreme Court's rejection of taxpayer standing, *see Arizona Christian Sch. Tuition Org. v. Winn,* 563 U.S. 125, 134 (2011). The only statute plaintiff cites in connection with the purported trust duties is 28 U.S.C. § 453. *See* Compl. at 4; Pl.'s Resp. at 3–4; Pl.'s Sur-reply at 1, 3. But this statute merely contains the oath of office that must be taken by federal judges, and has no language concerning the management of taxpayer funds or the payment of money damages for the violation of any duties. *See* 28 U.S.C. § 453. Plaintiff has thus failed to identify a money-mandating source of our court's jurisdiction over the subject-matter of his case.

Moreover, plaintiff's complaint would have this court review the actions of other federal courts. This would exceed the power granted to our court by Congress. *See Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994); *Bowles v. United States*, 2015 WL 4710258, at *4 (Fed. Cl. July 31, 2015), *aff'd*, 2016 WL 2620137 (Fed. Cir. May 9, 2016). In sum, because plaintiff has complained of tortious and criminal conduct that is not within our court's jurisdiction; has failed to identify a money-mandating law that can support this court's jurisdiction; and seeks review of the actions of other courts, which is beyond this court's power, plaintiff's case must be dismissed for lack of subject-matter jurisdiction.[4]

For similar reasons, plaintiff's motion for leave to amend his complaint is denied. Mister Johnson seeks to add an additional allegation concerning the issuance of an order by one of the Eastern District judges. Plaintiff has not identified any basis for our court's jurisdiction over such a claim, and this court cannot review the decisions of district courts. *See Vereda*, 271 F.3d at 1375. The motion for leave to amend the complaint is accordingly denied as futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that a motion for leave to amend a complaint can be properly denied if amendment would be futile).

### III.  CONCLUSION

For the reasons stated above, the government's motion to dismiss this case, under RCFC 12(b)(1), is **GRANTED**, and plaintiff's motion for leave to amend his complaint is **DENIED**. The Clerk shall close the case.

**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Judge

---

[4] On June 10, 2016, Mr. Johnson submitted certain documents that purport to be evidence of the improper conduct of the United States Court of Appeals for the Third Circuit. As our court lacks jurisdiction over such claims, the Clerk is directed to return those documents to Mr. Johnson.